UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE RETTBERG,

    Plaintiff,

- against -

JOINT RECREATION COMMISSION OF THE
TOWN/VILLAGE OF GOSHEN, TOWN OF
GOSHEN and VILLAGE OF GOSHEN,

    Defendants.

**COMPLAINT**

**Jury Trial Demanded**

JUDGE ROBINSON

**ECF Case**

**08 CIV. 5798**

## I. INTRODUCTION

1. Plaintiff MARIE RETTBERG brings this lawsuit alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, made actionable through 42 U.S.C. §1983, and the New York Human Rights Law.

## II. PARTIES

2. Plaintiff MARIE RETTBERG is a woman residing in the Town of Goshen, Orange County, New York.

3. Defendant TOWN OF GOSHEN is a public entity organized pursuant to the laws of the State of New York. It may sue and be sued.

4. Defendant VILLAGE OF GOSHEN is a public entity organized pursuant to the laws of the State of New York. It may sue and be sued.

5. Defendant JOINT RECREATION COMMISSION OF THE TOWN/VILLAGE

OF GOSHEN is a public body created by defendants Town and Village to provide, *inter alia*, recreational programs to their residents.

### III. JURISDICTION AND VENUE

6. As all events occurred within the County of Orange, venue is properly found in this judicial district.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(3) & (4) and 42 U.S.C. §1983.

8. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. Fewer than 90 days have elapsed since she received her Notice of Right to Sue.

### IV. FACTS

9. Commencing in March 2005, plaintiff was employed by defendant Goshen Joint Recreation Commission, which is an entity created jointly by defendants Town of Goshen and Village of Goshen to provide recreational activities to their citizens.

10. As plaintiff's job title was Recreation Coordinator, she reported to the Joint Recreation Commission chaired by Susan Maysels until October 2006.

11. In October 2006, Pamela Lorenzo became Chairperson. Village of Goshen Mayor Scott Wohl was also a member of the Commission.

12. During plaintiff's employment, no member of the Commission or any Town or Village official ever advised her that her work was anything other than satisfactory. Rather, on a number of occasions, plaintiff was commended and thanked for her work by Commission members as well as Town and Village

officials.

13. In September 2006, plaintiff advised members of the Commission, including Maysels, Lorenzo and Wohl, that she was pregnant with twins. Plaintiff was due to give birth in March 2007.

14. Then-Commission Chairperson Maysels asked plaintiff whether she planned to return to work after her twins were born. Startled by her question, plaintiff said that she would more than likely return.

15. Plaintiff was told to appear at a meeting on December 15, 2006. Lorenzo, Wohl and another Commissioner, Tricia Rea were present.

16. Lorenzo stated that the Commission was "letting you go" and described several alleged issues of poor performance, including ascribing to plaintiff errors made by others and problems over which she had no control.

17. This was the first time the Commission had ever advised plaintiff of any alleged performance problems.

18. The Commission's own policy requires at least one annual performance appraisal and provides that "should deficiencies be recorded in the performance of the employee, the employee will receive specific, reasonable, written recommendations for improvement."

19. When plaintiff stated that she had never received a performance appraisal or any notice that her employer had any concerns about her job performance, Wohl replied that "we don't give performance evaluations."

20. Defendants' false claims about plaintiff's job performance were a pretext for

      pregnancy discrimination as they did not want to undergo the inconvenience of granting her a maternity leave in Spring 2007.

21. After firing plaintiff, defendants also refused to reimburse her for legitimate expenses she incurred on their behalf, specifically travel expenses.

22. As a result of defendants' illegal misconduct, plaintiff suffered physical damages, extreme emotional distress that affected my pregnancy, lost wages, lost travel expenses, public embarrassment and humiliation.

## V. CAUSES OF ACTION

23. Plaintiff incorporates the allegations in paragraphs 1-22 as if fully restated herein.

24. Defendants willfully and knowingly violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, the Equal Protection Clause of the 14th Amendment to the United States Constitution and New York Executive Law §296 when they discriminated against plaintiff on account of her gender.

**WHEREFORE**, plaintiff prays that this Honorable Court:

    a. accept jurisdiction over this matter;

    b. empanel a jury to fairly hear and decide this matter;

    c. reinstate plaintiff to her position as Recreation Coordinator;

    d. award to plaintiff back and front pay and other monetary damages;

    e. award to plaintiff compensatory damages sustained as a result of defendants' discriminatory practices;

    f. award to plaintiff punitive damages for defendants' willful and outrageous conduct; and

      g.    award any other relief deemed just and proper.

Dated:    June 26, 2008
             Chester, New York

Respectfully submitted,

S/ *Helen G. Ullrich*
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
Counsel for plaintiffs
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277

5